IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ELDON BUGG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08-4271-CV-C-WAK |
| JAMES L. RUTTER, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

    Plaintiff Eldon Bugg filed suit, pro se, in October 2008, alleging several claims against defendants James Rutter, Jean Goldstein and the Honorable Joe Holt. Rutter and Goldstein are attorneys and Judge Holt is a former Associate Circuit Judge of the 13th Judicial District in the State of Missouri.

    Plaintiff brings his claims under 42 U.S.C. §§ 1983 and 1985, requests a declaratory judgment, and alternatively pleads state common law tort claims. This case arises from the facts surrounding two state court petitions for discovery of assets relating to a promissory note executed by plaintiff. Judgments were entered against plaintiff and affirmed on appeal in both cases. In this federal case, plaintiff alleges he was denied due process of the law and equal protection, subjected to abuse of process, harmed by defendants' breach of their fiduciary duties, and deprived of his expected inheritance. He further claims defendants were negligent and conspired against him.

    Defendant Holt filed a motion to dismiss based on the Rooker-Feldman[1] doctrine, judicial immunity, and plaintiff's failure to state a claim. Plaintiff responded in opposition to dismissal and Judge Holt replied.

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

**Discussion**

Here, plaintiff asserts defendant Holt did not have jurisdiction over the second state law cause of action because the probate court is a court of limited jurisdiction and the case did not fall within the scope of that jurisdiction.

Defendant Holt claims entitlement to absolute judicial immunity because he was acting within the scope of his judicial duty to decide cases brought before him. The law is clear that an individual judge is immune from civil suit when acting within his or her judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Patten v. Glaser, 771 F.2d 1178, 1179 (8th Cir. 1985) (per curiam) and Alabama v. Pugh, 438 U.S. 781, 782 (1978).

In his complaint, plaintiff states defendants Goldstein and Rutter filed a second verified asset discovery petition against him under Missouri's probate code. The case proceeded as a probate matter, and was affirmed on appeal. Plaintiff asserts it was not a probate matter and

2

that the duplicate suits were an abuse of process. The record does not disclose whether plaintiff challenged the court's jurisdiction to hear the matter in the state courts, but there is no reason to believe he could not have done so.

In response to defendant's motion to dismiss, plaintiff attempts to show a lack of probate jurisdiction by reclassifying the matter as a contract claim. This reclassification is a legal, rather than a factual, issue and the court is not required to accept plaintiff's legal conclusions as true. In essence, plaintiff is asking this court to determine whether the probate court had jurisdiction over the case brought before Judge Holt. Such a review would serve as a collateral attack on the state court judgment and proceeding, which this court is barred from doing. If this court were to determine Judge Holt lacked jurisdiction, it would serve to invalidate the state court judgment.

> The Rooker-Feldman doctrine acts as a jurisdictional bar, such that federal courts are not permitted to reconsider matters finally decided by state courts. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). This rule not only prohibits "straightforward appeals," but also federal court review of matters "inextricably intertwined" with state court rulings. Id. at 492-93. "A general federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'" Id. at 493 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 95 L.Ed. 2d 1 (1987) (Marshall, J., concurring)).

United States v. Timley 443 F.3d 615, 628 (8th Cir. 2006).

The state courts implicitly determined they had jurisdiction to hear and determine the case at issue. Thus, plaintiff's claims against Judge Holt in this federal case are inextricably intertwined with the state court judgment and are barred by the Rooker-Feldman doctrine. Judge Holt was acting in his judicial capacity and is entitled to dismissal based on absolute judicial immunity.

Accordingly, it is

ORDERED that defendant Holt's motion of November 19, 2008, is granted and plaintiff's claims against defendant Holt are dismissed. [8]

Dated this 14th day of January, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4