IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ELDON BUGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4271-CV-C-WAK |
| | ) | |
| JAMES L. RUTTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On January 26, 2009, plaintiff Bugg filed a motion for reconsideration of the order of January 14, 2009, dismissing the claims against defendant Holt. Plaintiff asserts the <u>Rooker-Feldman</u> doctrine, as applied by the court, is no longer good law, and defendant Holt is not entitled to judicial immunity on the count seeking declaratory judgment. Defendant Holt responded in opposition to the motion, and plaintiff replied.

Plaintiff seeks relief, pursuant to Rule 60(b), Federal Rules of Civil Procedure. Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." <u>Reyher v. Champion</u>, 975 F.2d 483, 488 (8th Cir. 1992) (quoting <u>United States v. Young</u>, 806 F.2d 805, 806 (8th Cir. 1986)). Plaintiff has not come forward with exceptional circumstances, as set forth in Rule 60(b), which justify relief.

Plaintiff's claims arise from the facts surrounding two state court actions for discovery of assets. In the circumstances surrounding those actions, plaintiff asserts he was denied due process of the law and equal protection, subjected to abuse of process, harmed by defendants' breach of their fiduciary duties and deprived of his expected inheritance. Judge Holt's involvement is limited to his actions as a judge presiding over one or both of those state court cases.

To the extent plaintiff now asserts this court improperly applied the <u>Rooker-Feldman</u> doctrine, plaintiff is challenging the court's legal conclusions and raising an issue that may be pursued on appeal.

Plaintiff's claims against defendant Holt are barred by judicial immunity, and the court is not persuaded that Holt is the proper defendant for a declaratory judgment action challenging the constitutionality of a state statute. Certainly, as a judge, Holt did not initiate or prosecute the action against plaintiff, and he will not execute on the judgment. Plaintiff apparently did not raise the constitutional issue in the state cases, and defendant Holt is not currently serving as a judge. Thus, he is not presently in a position to issue rulings under the statute or to apply it to plaintiff.

The court also notes that plaintiff, in this federal action, did not comply with Rule 5.1, Federal Rules of Civil Procedure.

Further, plaintiff's assertions in Count VII that defendants can execute on the "Downs I" judgment appear misplaced. In <u>Estate of Laura Downs v. Bugg</u>, 242 S.W.3d 729 (Mo. App 2007), which explains why there were two state actions seeking discovery of assets, the state appellate court indicates that when Laura Downs died, the conservatorship ceased to exist and could not take further steps to enforce the judgment.

After consideration, it is

ORDERED that plaintiff's motion of January 26, 2009, for a new trial or reconsideration of the order of dismissal with regard to defendant Holt, is denied. [19]

Dated this 10th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge