# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| ELDON BUGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4271-CV-C-WAK |
| | ) | |
| JAMES L. RUTTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Eldon Bugg, pro se, filed suit against defendants James Rutter, Jean Goldstein and the Honorable Joe Holt[1], asserting they violated his rights in the events and circumstances surrounding two probate matters brought in Missouri state courts. Judgments against plaintiff were entered in the state court and affirmed on appeal.[2] Defendant Rutter is the personal representative of the Estate of Laura Downs and defendant Goldstein is the attorney for the Downs' estate.

Defendants Rutter and Goldstein seek dismissal of the remaining claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), for plaintiff's failure to state a claim against them. Plaintiff responded in opposition to dismissal and defendants replied.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must

---

[1] The claims against defendant Holt were dismissed by separate order of this court.

[2] Defendants state in their suggestions that plaintiff has also been held in contempt of court for money owed to the Downs' estate.

be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964-65 (2007).

Thus, a complaint is properly dismissed under Rule 12(b)(6) when it fails to state a claim upon which relief can be granted.  When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief.  At this stage, the complaint is construed liberally in the light most favorable to the plaintiff.  Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008).  "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'"  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

In his complaint, plaintiff alleges that two asset discovery petitions were filed in state court under Missouri's probate code.  Plaintiff claims the suits were duplicative, an abuse of process, and not probate matters.  He claims he was deprived of due process and equal protection of the law, and that the statute at issue is unconstitutional.

Defendants state plaintiff is a frequent litigator, has previously sued these defendants in state court on the same or similar matters, and his current case is "further harassment of the defendants and one more attempt by plaintiff to avoid the consequences of his behavior and the judgments against him in state court." (Doc. 15 at 5.)  They assert his claims are barred by the Rooker-Feldman doctrine[3], they are not state actors subject to suit under 42 U.S.C. § 1983, the court should abstain from interfering with state court judgments, and they did not deprive plaintiff of his constitutional rights.  They further claim they are not state officials responsible under Missouri law for enforcing the probate statutes and plaintiff has failed to identify pendent state claims with sufficient particularity.

Plaintiff responds to each argument.  He asserts defendants were state actors because they brought suit under Missouri statutes and they conspired with the judge to bring and prosecute a second asset discovery petition.  He claims he is raising constitutional issues and not directly attacking the state court judgment.

---

[3]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

2

As an initial matter, the court takes judicial notice of Estate of Laura Downs v. Bugg, 242 S.W.3d 729 (Mo. App 2007), which explains why there were two state actions seeking discovery of assets. When Laura Downs died, the conservatorship ceased to exist and could not take further steps to enforce the initial judgment. Thereafter, defendant Rutter was appointed as the personal representative of the deceased's estate, and he filed a separate action on behalf of the estate to discover assets. He then requested summary judgment based upon the prior determination and wrongful withholding of the note.

The Rooker-Feldman doctrine was discussed in the order of January 14, 2009, dismissing the claims against defendant Holt. That doctrine also prohibits this court from reviewing matters relating to defendants Rutter and Goldstein to the extent they are inextricably intertwined with the state court judgment.

To state a claim under 42 U.S.C. § 1983, a plaintiff must assert a deprivation of a federal right caused by a person acting under color of state or territorial law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Defendants state they are not state actors for section 1983 purposes, but were private persons. Plaintiff argues they became state actors because of their general interaction with the judge hearing the case and that a conspiracy occurred.

The conduct of retained or appointed counsel, in representing clients, does not constitute action under color of state law. Bilal v. Kaplan, 904 F.2d 14 (8th Cir. 1990); Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974); see also Eling v. Jones, 797 F.2d 697, 699 (8th Cir. 1986). Likewise, a private party's invocation of state legal procedures does not constitute joint activity or conspiracy with state officials to constitute state action for section 1983 purposes. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 938 n.21 (1982).

Here, plaintiff has not alleged facts demonstrating "defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding" and he has not provided "sufficient facts to suggest a 'meeting of the minds.'" Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (quoting White v. Walsh, 649 F.2d 560 (8th Cir. 1981)). There are no allegations defendants engaged in ex parte contacts with the judge, or that the defendants acted in any manner other than through the official court proceedings of which plaintiff had an opportunity to be heard.

3

The facts pled by plaintiff in his complaint also indicate he was not deprived of due process of law with respect to his property. Due process protections only apply when a life, liberty or property interest is at stake. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). For purposes of this motion, the court assumes, without deciding, that plaintiff has a property interest in the promissory note and expected inheritance. Thus, he was entitled to due process protections.

"The Due Process Clauses require that in order to deprive a person of a property interest, he must receive notice and an opportunity for a hearing appropriate to the nature of the case." Moore v. Board of Educ. of Fulton School, 836 S.W.2d 943, 947 (Mo. banc 1992). "Due process merely affords the *opportunity* to be heard and, thus, a party can waive his due process right. . . ." Id. Whether a predeprivation or post-deprivation hearing satisfies due process depends on the appropriate accommodation of competing interests. Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982). Those interests include the "importance of the private interest and the length or finality of the deprivation; the likelihood of governmental error; and the magnitude of the governmental interests involved." Id. (citations omitted). In Logan, an opportunity for a predeprivation hearing was required. In other cases where negligent or intentional deprivation of property occurred by state employees, an opportunity for a post-deprivation hearing was found to be adequate. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations not actionable under section 1983 if suitable state post-deprivation remedy).

In either case, **"the existence of an adequate state remedy to redress property damages inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment."** Bonner v. Coughlin, 517 F.2d 1311, 1319 (7th Cir. 1975), modified en banc, 545 F.2d 565 (1976), quoted with approval in Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Even if defendants Rutter and Goldstein were state actors subject to suit under 42 U.S.C. § 1983, the facts show plaintiff had an opportunity to be heard in the state court proceedings and that the state judicial system provides him with an adequate state remedy to redress his property claims. Likewise, plaintiff's pleadings do not sufficiently allege an equal protection claim to

4

allow him to go forward. Plaintiff merely alleges he was treated differently than other Missouri citizens because he was subjected to more than one asset discovery petition. Plaintiff had the opportunity to raise his equal protection claim in the second state case, and he has not alleged the named defendants treated him differently than they treated other asset holders in similar positions.

Defendants Rutter and Goldstein, as conservator and attorney, are not the proper defendants for a declaratory judgment action challenging the constitutionality of a state statute. They are not state officials responsible for enforcing the statutes. Additionally, plaintiff did not comply with Rule 5.1.

Further, plaintiff's assertions in Count VII that defendants can execute on the "Downs I" judgment are misplaced. In Estate of Laura Downs v. Bugg, 242 S.W.3d 729 (Mo. App 2007), which explains why there were two state actions seeking discovery of assets, the state appellate court indicates that when Laura Downs died, the conservatorship ceased to exist and could not take further steps to enforce the judgment.

The court has considered plaintiff's other claims and his suggestions in opposition to dismissal, and finds them to be without merit. Thus, for these reasons and those set forth in defendants' suggestions, it is

ORDERED that defendants' motion of December 31, 2008, is granted and this case is dismissed in its entirety.

Dated this 10th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge