IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ELDON BUGG,                           )
                                      )
         Plaintiff,                   )
                                      )
     v.                               )   Case No. 2:08-cv-04271-NKL
                                      )
JAMES L. RUTTER, et al.,              )
                                      )
         Defendants.                  )

ORDER

Pending before the Court is Plaintiff Eldon Bugg's ("Bugg") *pro se* Motion for Relief from Order of Dismissal with Supporting Suggestions [Doc. # 33], pursuant to Fed. R. Civ. P. 60(b)(6). For the following reasons, the Court DENIES the motion.

In November 2008, Bugg sued Defendants, alleging § 1983 claims and state law tort claims. On March 10, 2009, Magistrate William Knox ruled Defendants' motion to dismiss and ordered that Bugg's case "be dismissed in its entirety." [Doc. # 26, at 5]. Magistrate Judge William Knox specifically found that Bugg failed to state a claim under § 1983, and that "[t]he court has considered plaintiff's other claims and his suggestions in opposition to dismissal, and finds them to be without merit." [Doc. # 26, at 5]. After this order, Bugg filed a complaint in Missouri state court, alleging what he characterizes as the same state law tort claims as he did before this Court. Bugg appealed after the state trial court dismissed Bugg's complaint. The Missouri State Court of Appeals affirmed

1

the state trial court's decision based on the *res judicata* effect of Judge Knox's March 2009 order. *Bugg v. Rutter*, 330 S.W.3d 148 (Mo. Ct. App. 2010). Bugg now asks that the order of March 10, 2009 be vacated in its entirety, "thus allowing said claims to be litigated in this court, or alternatively to modify [the order] to clearly state that plaintiff's pendent state law claims are dismissed "without prejudice" so that plaintiff can litigate his state law claims in state court." [Doc. # 33, at 1].

Bugg appears to argue that Judge Knox did not dismiss Bugg's state law claims for failure to state a claim because it actually declined to take jurisdiction over those claims. He reaches that conclusion because Judge Knox denied Bugg's Rule 59 motion which had asked for clarification or leave to amend his complaint, [Doc. # 28]. According to Bugg, Judge Knox "affirmed" Bugg's understanding of the March 10, 2009 order of dismissal when he recommended denial of Bugg's Rule 59 motion [Doc. # 32].

Judge Knox's dismissal order, however, was clear: he had considered all of Bugg's claims and suggestions in opposition to dismissal for failure to state a claim and found them to be without merit. He had also considered Defendants' suggestions in support of their motion to dismiss which had specifically asked that Bugg's state law claims under Count VIII should be dismissed for failure to state a claim because "Plaintiff does not attempt to identify any specific state tort cause of action under Count VIII of his complaint. . . . It is not up to the court or the parties to decipher what state claims plaintiff wishes to allege." [Doc. # 15, at 8-9]. After full consideration of the matter, Judge Knox stated Bugg's case was "dismissed in its entirety." [Doc. # 26, at 5]. It is

2

clear that Judge Knox did dismiss with prejudice Bugg's state law claims and Bugg has failed to demonstrate to this Court "exceptional circumstances" that would merit relief under Fed. R. Civ. P. 60(b)(6). *See In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). Furthermore, the Court finds that Bugg's Rule 60 motion was not timely filed because he was on notice since 2009 that his state law claims had been dismissed with prejudice. Further, rather than appealing Judge Knox's decision, he seeks to challenge it in a Rule 60 motion. That is an improper use of Rule 60.

Accordingly, it is hereby

ORDERED that Eldon Bugg's Motion for Relief from Order of Dismissal with Supporting Suggestions [Doc. # 33] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: June 13, 2011
Jefferson City, Missouri